No. 13-17155
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

FIDEL H. PAJARILLO,

Plaintiff-Appellant,

*vs*.

COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY;
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,

Defendants-Appellees.
_____

On Appeal From the United States District Court
For the District of Nevada
D.C. No. 2:09-cv-00078-LDG-GWF
_____

**APPELLEES' RESPONSE TO SECOND RENEWED MOTION TO
SUBSTITUTE APPELLEES**
_____

Christopher Jorgensen
Joel D. Henriod
Dale Kotchka-Alanes
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Appellees*

5359366\_1

Come now Countrywide Home Loans, Recontrust Company, N.A. and Mortgage Electronic Registration Systems, Inc. (collectively "Appellees"), and file this Response to Appellant's Second Renewed Motion to Substitute Appellees.

**First Attempt**

On July 21, 2014, Fidel Pajarillo, Appellant, filed a Motion to Substitute Appellees pursuant to FRAP Rule 43(b). (Dkt. 21). Appellant never identified by name the new party to be substituted in. Appellant made no effort to serve or otherwise alert the unnamed new party that the motion was being filed. The court recognized this deficiency and on September 26, 2014 denied the motion, but gave Appellant leave to file a renewed motion to substitute if it contained a specific statement of the parties to be substituted and a "proof of service demonstrating that the renewed motion has been served on the proposed substituted parties." (Dkt. 23).

**Second Attempt**

On October 23, 2014, Appellant filed a Renewed Motion to Substitute Appellees (Dkt. 24). However, the motion was still deficient because it failed to comply with the court Order and Rule 43. The proposed substituted party had not been served with the motion and Appellant apparently had not provided US Bank with notice of the motion. Appellant had not complied with FRAP, Rule 43.[1]

---

[1] Federal Rules of Appellate Procedure, Rule 43, states:

5359366_1

On January 14, 2015, the Appellate Commissioner issued an Order, once again denying Appellant's Motion (Dkt #27). However, Appellant was given a chance to file and serve another renewed motion to substitute appellees.

**Third Attempt**

Appellant's most recent attempt was filed on February 3, 2015. (Dkt. #28). Appellant identifies "US Bank, NA, as trustee, on behalf of the holders of the Harbor View Mortgage Loan Trust 2006-1 Mortgage Loan Pass-Through Certificates, Series 2006-1" (hereinafter "US Bank") as the party he is seeking to substitute in for Countrywide, ReconTrust and MERS. Appellant also mailed the

---

(a) DEATH OF A PARTY.
   (1) *After Notice of Appeal Is Filed.* If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party. A party's motion must be served on the representative in accordance with Rule 25. If the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.

   . . . .

   (3) *Before Notice of Appeal Is Filed—Potential Appellee.* If a party against whom an appeal may be taken dies after entry of a judgment or order in the district court, but before a notice of appeal is filed, an appellant may proceed as if the death had not occurred. After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1).

(b) SUBSTITUTION FOR A REASON OTHER THAN DEATH. If a party needs to be substituted for any reason other than death, the procedure prescribed in Rule 43(a) applies.

5359366_1

motion to US Bank, c/o Select Portfolio Servicing, Inc. However, Appellant has still failed to address the longstanding and underlying issue about whether his lawsuit is moot.

As mentioned in the Appellee's prior briefing, Appellant's lawsuit, and this appeal, is premature and fails to raise a valid claim because <u>no foreclosure has yet occurred</u> and Appellant has not alleged that he was not in default at the time the foreclosure occurred. *See, In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784-85 (9th Cir. 2014)(holding that wrongful foreclosure claims under Arizona, California, and Nevada law failed because "[n]one of the appellants has alleged lack of default, tender to cure the default, or an excuse from tendering" and emphasizing that "Nevada law requires that a trustor or mortgagor show a lack of default in order to proceed with a wrongful foreclosure claim" as "'the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default *when the power of sale was exercised*'" (quoting *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983))) (emphasis added).

## **CONCLUSION**

Appellant's efforts to distract the court with a Motion for Substitution of Appellees fail to address the underlying issue as to whether there should be any lawsuit at all. Appellant has failed to raise a valid claim because <u>no foreclosure</u>

4

<u>has yet occurred</u> and Appellant has not alleged that he was not in default at the time the foreclosure occurred. The motion must be denied.

DATED this 12th day of February, 2015.

                                      LEWIS ROCA ROTHGERBER LLP

By: */s/ Christopher Jorgensen*
    CHRISTOPHER JORGENSEN
    JOEL D. HENRIOD
    DALE KOTCHKA-ALANES
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, Nevada 89169
    (702) 949-8200
    *Attorneys for Appellees*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2015, I electronically filed the foregoing Appellees' Response to Appellant's Second Renewed Motion to Substitute Appellees with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery to the following non-CM/ECF participant:

Fidel Pajarillo
6706 Zephyr Wind Avenue
Las Vegas, NV  89139

U.S. Bank National Association, as Trustee,
  on behalf of the Holders of the Harbor View
  Mortgage Loan Trust 2006-1 Mortgage Loan
  Pass-Through Certificates, Series 2006-1
C/O Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT  84115

By: */s/ Sue Silcott*
　　　An employee of LEWIS ROCA ROTHGERBER LLP