No. 13-17155
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

FIDEL H. PAJARILLO,

Plaintiff-Appellant,

*vs.*

COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-1 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-1,

Defendants-Appellees.
_____

On Appeal From the United States District Court
For the District of Nevada
D.C. No. 2:09-cv-00078-LDG-GWF
_____

**APPELLEES' RESPONSE TO APPELLANT'S MOTION TO REMAND**
_____

Christopher Jorgensen
Joel D. Henriod
Dale Kotchka-Alanes
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Appellees*

## **PRELIMINARY STATEMENT**

Pajarillo has successfully dragged on this mortgage foreclosure and securitization case for over six years, and his instant motion for remand is yet another attempt to avoid an adjudication on the merits and continue this case indefinitely.

Notwithstanding Pajarillo's circuitous pleadings that seek to avoid final dismissal of his last remaining wrongful foreclosure claim, Pajarillo's motion to remand is without merit.

First, any suggestion that U.S. Bank is not a proper or "real party in interest" does not require remand. Pajarillo himself moved to substitute U.S. Bank as a party – multiple times. Given that Pajarillo was the one who identified U.S. Bank as the proper party, he cannot now be heard to argue the opposite. Moreover, Pajarillo, as the plaintiff, bears the burden of determining whom to sue and who the correct defendants are. The fact that he is unsure does not require remand; rather, it only highlights that his wrongful foreclosure claim is premature and unripe, as no entity has yet foreclosed.

Second, Pajarillo's suggestion that this Court "should disregard" U.S. Bank's joinder in the other defendants' answering brief is without merit. This Court specifically instructed U.S. Bank that it could join in the answering brief already on file. In addition, the arguments made by the other answering defendants

are clearly applicable to, and adoptable by, U.S. Bank: Pajarillo cannot state a claim for wrongful foreclosure because (a) no foreclosure has yet occurred and (b) Pajarillo has not alleged he was not in default. Given that U.S. Bank now holds whatever interest in the deed of trust that Bank of America once held, U.S. Bank stands in the shoes of Bank of America and the same arguments for dismissal apply.

U.S. Bank properly joined in the answering brief already on file. Pajarillo's motion for remand should be denied, and the District Court's dismissal of all of Pajarillo's claims should be affirmed.

## PROCEDURAL HISTORY

### A. *Pajarillo fails to timely prosecute this case*

Pajarillo's second appeal has been pending with this Court for over two years – since October 2013. (Dkt. 1).[1] Plaintiff-Appellant Fidel Pajarillo ("Pajarillo") failed to file a timely opening brief, and this Court dismissed Plaintiff's case for lack of prosecution on March 18, 2014. (Dkt. 6). Only then did

---

[1] Pajarillo filed his original complaint in December 2008, which Defendants removed to federal court in January 2009. (*See* 2:09-cv-00078-LDG-GWF, Doc. 1). Upon Pajarillo's first appeal of the dismissal of all his claims, this Court found that the "district court properly dismissed Pajarillo's state law claims based on his mortgage being securitized" and remanded Pajarillo's wrongful foreclosure claim to be considered in light of *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249 (Nev. 2012). (*See* 2:09-cv-00078-LDG-GWF, Doc. 62). The district court again dismissed Pajarillo's wrongful foreclosure claim, and Pajarillo again appealed. (*See* 2:09-cv-00078-LDG-GWF, Docs. 81 & 82).

- 3 -

Plaintiff move for relief and file his opening brief in late April 2014. (Dkt. 7-11).

### B. The BOA Defendants point out that Pajarillo cannot succeed on a claim of wrongful foreclosure when no foreclosure has occurred

Defendants-Appellees Countrywide Home Loans, Inc.; Reconstruct Company; and Mortgage Electronic Registration System, Inc. (collectively, the "BOA Defendants") timely filed their answering brief on June 6, 2014. (Dkt. 14).

The BOA Defendants pointed out that Pajarillo's wrongful foreclosure claim could not succeed because no foreclosure had yet occurred and because Pajarillo had not alleged that he paid his mortgage. (Dkt. 14-1 at 13-19).[2] The BOA Defendants also pointed out that any claim against them was ill-conceived as a different entity now held the Deed of Trust, further highlighting the prematurity of Pajarillo's wrongful foreclosure claim. (Dkt. 14-1 at 19-22).

### C. Instead of filing a reply brief, Pajarillo moves to substitute U.S. Bank as an appellee

Pajarillo moved for an extension of time to file a reply brief (Dkt. 19), which was granted. (Dkt. 20). However, instead of filing a reply brief, Pajarillo filed a motion to substitute appellees. (Dkt. 21), This first motion to substitute appellees was "denied without prejudice to the filing of a renewed motion to substitute including a specific statement of the parties to be substituted and a proof of service demonstrating that the renewed motion has been served on the proposed

---

[2] Defendants-Appellees refer to the CM/ECF numbers at the top of the page rather than the party-designated page numbers at the bottom of the page.

- 4 -

substituted parties." (Dkt. 23). The court sua sponte granted Pajarillo an extension of time to file an optional reply brief, but indicated that briefing would be stayed if Pajarillo filed a renewed motion to substitute. (Dkt. 23).

Pajarillo then filed a "renewed motion to substitute appellees," seeking "to substitute 'U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Harbor View Mortgage Loan Trust 2006-1 Mortgage Loan Pass-Through Certificates, Series 2006-1' as Appellee for 'Bank of America National Association Successor by merger to BAC Home Loans Servicing LP, FKA Countrywide Home Loans Servicing, LP.'" (Dkt. 24). This second attempt was also denied without prejudice, as Pajarillo had failed to file a proof of service demonstrating that the motion had "been served on the proposed substituted party, U.S. Bank." (Dkt. 27).

In his third attempt, Pajarillo filed a "second 'renewed motion to substitute appellees,'" again seeking "to substitute 'U.S. Bank National Association, as Trustee' as Appellee for 'Bank of American National Association' and Countrywide Home Loans Servicing, LP." (Dkt. 28 at 1).

### D. The Court gives U.S. Bank the option to join the answering brief already on file

The Court construed Pajarillo's "second renewed motion to substitute appellees" as a motion to add a party and added U.S. Bank National Association ("U.S. Bank") as an additional appellee. (Dkt. 31). The Court noted that the

- 5 -

"opening and answering briefs have been filed" and specifically instructed that U.S. Bank "shall have the opportunity [to] file an answering brief or a statement that it joins in the answering brief appellees filed on June 6, 2014." (Dkt. 31).

Once U.S. Bank had entered an appearance in the case, the court again instructed, "Within 30 days after the filing date of this order, U.S. Bank National Association shall file an answering brief or a statement that it joins in the answering brief filed on June 6, 2014." (Dkt. 37). The Court ordered that Pajarillo's "optional reply brief is due within 14 days after service of the U.S. Bank National Association's answering brief or statement." (Dkt. 37).

### E. *U.S. Bank joins in the answering brief already on file*

As expressly permitted to do by the Court, U.S. Bank joined in the BOA Defendants' answering brief that was filed on June 6, 2014. (Dkt. 41).

### F. *Instead of filing a reply brief, Pajarillo moves to remand*

Pajarillo again moved for an extension of time to file his reply brief (Dkt. 42), which this Court granted. (Dkt. 43). Yet, instead of filing a reply brief, Pajarillo filed the instant "motion to remand" in yet another attempt to drag on this case indefinitely. (Dkt. 44).

## ARGUMENT

### I. *U.S. Bank's Joinder Is Proper*

Pajarillo suggests that the arguments made by the BOA Defendants in the

- 6 -

answering brief on file may not be applicable to U.S. Bank and that U.S. Bank's joinder should therefore "be disregarded." (*See* Dkt. 44 at 3-4.)

As an initial matter, whether or not U.S. Bank's joinder is "disregarded" has nothing to do with whether this case should be remanded to the District Court. Pajarillo fails to explain why remand would be warranted.

Moreover, U.S. Bank's joinder was entirely proper. This Court twice instructed that, in lieu of filing its own answering brief, U.S. Bank could file "a statement that it joins in the answering brief . . . filed on June 6, 2014." (Dkt. 31; *see also* Dkt. 37). U.S. Bank did precisely that. (Dkt. 41).

Pajarillo would like to pretend that the arguments made by the BOA defendants are not transferrable to U.S. Bank, but they are. Pajarillo cannot sate a claim for wrongful foreclosure against the BOA defendants or against U.S. Bank (a) because no foreclosure has yet occurred and (b) because Pajarillo has not alleged that he is not in default. (*See* Dkt. 14-1, Answering Br. at 14-19).

The only argument that may not currently apply to U.S. Bank is the BOA Defendants' argument that they no longer hold the Deed of Trust. (*See* Dkt. 14-1, Answering Br. at 19-22). However, even this argument could potentially apply to U.S. Bank in the future (if U.S. Bank were to assign the Deed of Trust to another entity). The current situation merely serves to highlight the prematurity and lack of ripeness of Pajarillo's wrongful foreclosure claim. (*See* Dkt. 14-1, Answering

Br. at 16-19). Any determination of who has authority to foreclose must be made at the time of foreclosure. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) ("An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that ***at the time the power of sale was exercised or the foreclosure occurred***, no breach . . . existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.") (emphasis added).

The BOA Defendants pointed out in their answering brief that "U.S. Bank, the current holder [of] the deed of trust, has not yet initiated foreclosure proceedings." (Dkt. 14-1, Answering Br. at 18). Thus, the BOA Defendants' arguments regarding prematurity, unripeness, and inability to state a claim for wrongful foreclosure where no foreclosure has occurred, are equally and obviously applicable to U.S. Bank.

Because this Court explicitly authorized U.S. Bank to join in the answering brief on file and "in light of the obvious applicability of [the BOA Defendants'] arguments to [U.S. Bank]," U.S. Bank's joinder is undoubtedly proper. *See United States v. Ayala-Vazquez*, 751 F.3d 1, 19 (1st Cir. 2014) (indicating that while a "perfunctory statement" of joinder "may not suffice in every case to adopt another party's arguments, . . . it [i]s up to the task" where one party's arguments are obviously applicable to another).

## II.   *No Remand Is Necessary*

Pajarillo posits that remand is necessary to determine whether U.S. Bank "has capacity or existence to be a real party in interest to my Note" and if "it is indeed a real party in interest." (Dkt. 44 at 4-5).[3] This argument is without merit.

Pajarillo ignores the fact that neither U.S. Bank nor any other party is currently seeking to foreclose or enforce the note against Pajarillo.

It is Pajarillo, as the plaintiff in this action, who must decide whom to sue. Pajarillo himself identified U.S. Bank as a proper party to this action when he moved to add U.S. Bank as a party. (*See* Dkt. 24 & 28). Pajarillo cannot now request a remand in an attempt to have the District Court determine for him whom he should sue.

The fact that Pajarillo is unsure as to who the correct parties are only highlights that his wrongful foreclosure claim is premature and unripe. If any of the named parties had actually foreclosed on the property, Pajarillo would know exactly whom to name as a defendant.

////

---

[3] Pajarillo argues that "a trust is *not* a separate legal entity that can sue or be sued" or own property (Dkt. 44 at 4), but U.S. Bank is not a trust. Plaintiff has named U.S. Bank as "Trustee," and it is well established that the "trustee is the legal owner of the trust property." *See, e.g.*, *Stevens Family Trust v. Huthsing*, 81 S.W.3d 664, 665 n.1 (Mo. Ct. App. 2002) (internal quotation marks and citation omitted); *see also* Restatement (Third) of Trusts § 2 (2003) ("[A] trustee's title to trust property may be either legal or equitable.").

## **CONCLUSION**

There is no reason to remand this case. Pajarillo's wrongful foreclosure claim is premature and unripe, as no foreclosure has occurred. The dismissal of Pajarillo's claims should be affirmed once and for all, and this case should be put to an end.

DATED this 5th day of November, 2015.

LEWIS ROCA ROTHGERBER LLP


By: */s/ Christopher Jorgensen*
CHRISTOPHER JORGENSEN
JOEL D. HENRIOD
DALE KOTCHKA-ALANES
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
*Attorneys for Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2015, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery to the following non-CM/ECF participant:

Fidel Pajarillo
6706 Zephyr Wind Avenue
Las Vegas, NV 89139

By: *s/ Sue Silcott*
an employee of LEWIS ROCA ROTHGERBER LLP